# NITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

NAJEE OLIVER,                )
                            )
             Movant,         )
                            )
v.                          )           CV420-245
                            )           CR417-065
UNITED STATES OF            )
AMERICA,                    )
                            )
             Respondent.     )

## REPORT AND RECOMMENDATION

*Pro se* movant Najee Oliver pleaded guilty to a single count of being a felon in possession of a firearm as an armed career criminal, in violation of 18 U.S.C. §§ 922(g)(1) & 924(e). *See* CR417-065, doc. 46 at 1 (Judgment). He was sentenced to a term of 180 months of imprisonment. *Id* at 2. His conviction was affirmed on appeal. *See* CR417-065, doc. 64 (Appeal Opinion); *see also United States v. Oliver*, 962 F.3d 1311 (11th Cir. 2020). He moved to vacate his conviction, pursuant to 28 U.S.C. § 2255. Doc. 1-1.[1] He has filed several motions to amend or supplement his Motion. *See* docs. 2, 3 & 13. The Government has stated that it does

---

[1] The Court cites to the civil docket in case CV420-245 unless otherwise noted.

not oppose the first two requests, doc. 14 at 1, but it does oppose the third, as the new claim it would assert is untimely, *id*. The first two motions are, therefore, **GRANTED** as unopposed. Docs. 2 & 3. Oliver has replied to the Government's opposition to his third amendment. Doc. 17 at 2-3. Oliver's third Motion to Amend is, therefore, ripe for disposition. Since, as explained below, that Motion should be **DENIED**, doc. 13, the Court proceeds to consider the Government's opposition to the properly asserted grounds, *see generally* doc. 15, to which Oliver has responded, doc. 17 at 3-8.

## ANALYSIS

Oliver was convicted of a single count of possession of a firearm by a convicted felon. *See* CR417-065, doc. 46 at 1-2. His conviction included the enhanced penalties provided under 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"). *Id.*; *see also, e.g., Johnson v. United States*, 576 U.S. 591, 593 (2015). After rehearing, the Court of Appeals affirmed his conviction and sentence. *See Oliver*, 962 F.3d at 1321, 1322-24 (Tallman, J. concurring in part and concurring in the judgment). On appeal Oliver argued that his prior conviction for making terroristic threats, under O.C.G.A. § 16-11-37(a) (2010), was not a predicate felony

under the ACCA.  *See id.* at 1314.  As discussed more fully below, the Court of Appeals concluded that the statute was divisible, under *Mathis v. United States*, 579 U.S. 500 (2016), and "that a threat to commit 'any crime of violence' under Georgia law always includes an element requiring threatened violent force against another."  *Id.* at 1314-15.

Oliver's original § 2255 Motion asserts two grounds.  *See* doc. 1-1 at 4-5.  In Ground One, he asserts that his guilty plea to the charge of possession of a firearm by a convicted felon was not knowing and voluntary because he was not informed that "the government was required to prove an additional element that he had knowledge of his prohibited status," invoking the Supreme Court's opinion in *Rehaif v. United States*, 588 U.S. ___, 139 S Ct. 2191 (2019)  *Id.* at 4.  In Ground Two, he asserts "[t]he error[, of failing to advise him of the knowledge-of-status element] was a denial of due process and the error requires vacatur of his guilty plea."  *Id.* at 5.  He characterizes Ground Two as "a standalone Rehaif error."  *Id.*  In his first request to "supplement," his Motion, he asserts Ground Three,[2] that his "[a]ppellate counsel [was]

---

[2]  For clarity, the Court has renumbered the grounds asserted in Oliver's two amendments to which the Government consents.

constitutionally ineffective for not raising [an] argument in light of Alleyne v. United States[,] 570 U.S. 99 . . . (2013)," doc. 2 at 2, Ground Four, that his trial counsel was constitutionally ineffective for not objecting to the plea colloquy, pursuant to Federal Rule of Criminal Procedure 11 and the Fifth Amendment, *id.* at 3-4, and Ground Five, that the "Shepard documents"[3] do not establish that his prior terroristic-threats conviction was "under the violent portion," and "the district court erred in fact finding defendant been convicted under a crime of violence [sic]," *id.* at 5.  Finally, he asserts, as Ground Six, "[t]he sentence of 15 years (180 months) given to petitioner was above the statutory maximum of Ten years (120 months) for 18 U.S.C. § 922(g)(1) offense and was Plain Error that affected the substantial rights of Petitioner being enhanced for a non-qualifying prior used for A.C.C.A. purposes."  Doc. 3 at 1 (unedited).  The attached brief clarifies his assertion that "[b]ecause O.C.G.A. 16-11-37(a) is a reckless offense under Borden v. United States . . . , Oliver does not have three qualifying predicate offenses as required to support the application of the ACCA enhancement."  *Id.* at 3.

---

[3] "Shepard documents" are documents a court may consult to determine the statutory basis of a prior conviction, for purposes of considering an ACCA enhancement, including charging documents, plea agreements, or transcripts reflecting the factual basis of a plea.  *See Shepard v. United States*, 544 U.S. 13, 26 (2005)

## I.      Motion to Amend

Oliver filed a third Motion to Amend on August 1, 2022.  *See* doc. 13.  It seeks to amend his Motion to assert that his counsel was ineffective for failing to argue that Oliver's prior conviction, under O.C.G.A. 16-13-30(b), (d), "is not a controlled substance under Federal law because it includes derivatives of cocaine (ioflupane) which were removed as a controlled substance before possession of firearm."  *Id.* at 2.  The Government opposed the Motion to Amend "because the new claim it seeks to raise would be untimely."  Doc. 14 at 1.  The Government explains that the statute-of-limitations for challenges to Oliver's conviction ran out on November 23, 2021.  *Id.* at 3.  The request to amend was not filed until August 2022; more than eight months too late.  *Id.* The Government also argues that the claim cannot relate back to the date of Oliver's original Motion.  *Id.* at 5.  Oliver's reply asserts, without explanation, that his proposed amendment "<u>too</u> was within the one-year deadline."  Doc. 17 at 3.  He also argues that his "August 2022 filing was simply an expounding based upon the Eleventh Circuit's most recent

ruling in <u>United States v. Jackson</u> . . . filed 6/10/2022[4]; Petitioner's filing was to juxtapose <u>Jackson</u> with his initial timely Ground." *Id.* at 3. The Government's analysis of the claim's untimeliness is correct.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") established a one-year statute of limitations for § 2255 motions. 28 U.S.C. § 2255(f); *Davenport v. United States,* 217 F.3d 1341, 1343 (11th Cir. 2000). When a movant files a timely § 2255 motion, and then later files an untimely amended or supplemental motion that raises additional claims, the untimely claims are barred by the statute of limitations unless they "relate back" to the original motion under Federal Rule of Civil Procedure 15(c). *Davenport,* 217 F.3d at 1344. A claim "relates back" if it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). "[W]hile Rule 15(c) contemplates that parties may correct technical deficiencies or expand facts alleged in the original pleading, it does not permit an entirely different transaction to be alleged by amendment." *Dean v. United*

---

4 The Eleventh Circuit opinion that Oliver cites has been superseded. *See United States v. Jackson*, 55 F.4th 846 (11th Cir. 2022). The Supreme Court has granted *certiorari. See Jackson v. United States*, 143 S. Ct. 2457 (Mem.) (2023). The case remains pending before the Supreme Court.

*States,* 278 F.3d 1218, 1221 (11th Cir. 2002).  The United States Supreme Court has cautioned that the "conduct, transaction, or occurrence" language of Rule 15(c) should not be defined "at too high a level of generality," because doing so would defeat Congress's intent to impose a strict time limit on claims for post-conviction relief.  *Mayle v. Felix,* 545 U.S. 644, 661-62 (2005) (quotation marks omitted).  Thus, an amended pleading relates back to an original pleading only if both pleadings "state claims that are tied to a common core of operative facts."  *Id.* at 664.  Similarly in the Eleventh Circuit, "the untimely claim must have arisen from the same set of facts as the timely filed claim, not from separate conduct or a separate occurrence in both time and type."  *See Davenport*, 217 F.3d at 1344 (quotation marks omitted).

First, the Court cannot discern the basis for Oliver's assertion that the proposed amended ground was asserted timely, but any such assertion is belied by the record.[5]  The Court of Appeals affirmed Oliver's

---

[5] Oliver makes a vague assertion that the August 2022 claim was "due to the fact that the Eleventh Circuit had made a ruling that related back to Petitioner's first amendment . . . ."  Doc. 17 at 2.  To the extent that his statement is intended to assert that any Eleventh Circuit opinion could restart the one-year period, pursuant to 28 U.S.C. §§ 2255(f)(3), (4), he is mistaken.  Only a decision by the Supreme Court can trigger the one-year period under § 2255(f)(3).  *See, e.g., Dodd v. United States*, 545 U.S. 353, 357 (2005); *Cooley v. United States*, 2017 WL 6558274, at *1 (M.D. Fla. Nov. 6, 2017) ("[A] decision taken from a federal court of appeals does not provide an

conviction no later than June 18, 2020.[6] On March 19, 2020, the Supreme

Court extended the deadline to file petitions of certiorari to 150 days. *See*

*Miscellaneous Order Addressing the Extension of Filing Deadlines*

*[COVID-19]*, 334 F.R.D. 801 (Mar. 19, 2020).   The extended deadline

applied "in any case in which the relevant lower court judgment . . . . was

issued prior to July 19, 2021." *Miscellaneous Order Rescinding COVID-*

*19 Related Orders*, 338 F.R.D. 801 (July 19, 2021).   Since Oliver's

conviction was affirmed on June 18, 2020, it became final when the

---

independent basis to trigger the one-year statute of limitations provided under § 255(f)(3)." (internal quotation marks, alteration and citation omitted)).   Moreover, "[s]ince Section 2255(f)(4) is predicated on the date that '*facts* supporting the claim' could have been discovered, the discovery of a new court legal opinion, as opposed to new factual information affecting the claim, does not trigger the limitations period." *Madaio v. United Sates*, 397 F. App'x 568, 570 (11th Cir. 2010); *see also, e.g., Thomas v. United States*, 2014 WL 4715981, at *4 (N.D. Ala. Sept. 22, 2014) ("The limitations period of § 2255(f)(4) is triggered by the actual or imputed discovery of the important facts underlying a claim, not the defendant's recognition of the legal significance of those facts.").

[6] The Court of Appeals' opinion affirming Oliver's conviction is dated June 18, 2020. *See Oliver*, 962 F.3d at 1311.   The Government states that the Court Appeals affirmed Oliver's sentence on June 24, 2020. *See* doc. 14 at 2 (citing CR417-065, doc. 65).   The document the Government cites is an Order vacating the Court of Appeals' order withholding the mandate.   *See* CR417-065, doc. 65 at 1.   The Court of Appeals' judgment is dated June 18, 2020.   CR417-065, doc. 66 at 2.   The date of the Order cited by the Government is irrelevant, however, because it is the date of the Court of Appeals' opinion, not the date of the mandate, that controls for calculating the statute of limitations. *See, e.g., Close v. United States*, 336 F.3d 1283, 1285 (11th Cir. 2003) (citing *Clay v. United States*, 537 U.S. 522 (2003)).   Based on the Court of Appeals' opinion, 962 F.3d at 1311, and the subsequent judgment, CR417-065, doc. 66 at 2, June 18, not June 24, is the operative date.   However, as explained below, the six-day difference could not affect the conclusion that Oliver's Motion was filed after the statute of limitations expired.

deadline to file a petition for certiorari expired 150 days later, on November 16, 2020.[7]  The one-year period ran out, therefore, November 16, 2021, months before Oliver filed his Motion to Amend.  *See* doc. 13.  Oliver's proposed amendment, therefore, is timely only if it relates back to the date of his original Motion.

Oliver's suggestion that the proposed amended claim, concerning whether a prior conviction was a serious drug offense, relates back to his original Motion because both assert his counsel's ineffectiveness in failing to challenge his predicate convictions, *see* doc. 17 at 3, fails to consider the claims at a sufficient level of factual specificity.  As the Government points out, the original claims "involve the government's omission of an essential element from the indictment and guilty plea, the proposed new claim alleges defense counsel's ineffective assistance at sentencing by failing to raise an argument concerning a prior conviction that has never been at issue in this entire case."  Doc. 14 at 5.  Even assuming that Oliver intends to assert that the claim relates back to the ineffective assistance claims asserted in his Motion to Supplement, *see*

---

[7]  The 150th day after June 18, 2020 was Sunday, November 15, 2020.  By operation of the Rules of the Supreme Court of the United States, the deadline was automatically extended until the following Monday, November 16, 2020.  U.S. Sup. Ct. R. 30.1.

doc. 2; *see also* doc. 17 at 3, as the Court of Appeals has recently stated: "[I]n the habeas context, a new ineffective assistance of counsel claim must relate to *the specific facts underlying an already raised claim*," to relate back. *Mungin v. Sec'y, Fla. Dept. of Corrs.*, 89 F.4th 1308, 1322 (11th Cir. 2024) (emphasis added); *see also, e.g., Marshall v. United States*, 2018 WL 4677834, at *13 (M.D. Ala. May 21, 2018) ("It is not sufficient [to justify relation back] for an untimely amendment merely to assert the same general type of legal claim as the original § 2255 motion."). As the Government points out, there is no discernable *factual* connection between counsel's failure to challenge whether Oliver's prior drug conviction was an ACCA predicate and counsel's alleged failure to challenge other issues in the case.

Oliver's request to amend to assert his claim was outside the one-year statute of limitations. None of the timely asserted claims, summarized above, concern the facts of his prior drug convictions or the categorization of ioflupane as a controlled substance. It, therefore, does not related back to those claims. Because the proposed claim is untimely and does not relate back, the Motion to Amend should be **DENIED**. *See Williams v. United States*, 2022 WL 10331389, at *6 (S.D. Ga. Aug. 9,

2022) (citing *Weaver v. United States*, 2020 WL 6325724, at *16 (S.D. Ga. Oct. 2, 2020)) ("In the context of a § 2255 motion, amendment is futile when the proposed claims are untimely.).

## II.   Grounds for Relief

The Government's response to Oliver's Motion, as amended, does not address each ground asserted individually. The Government's first section addresses his *Rehaif*-based claims, Grounds One and Two of his original Motion. Doc. 15 at 3-7. In his Reply, Oliver does not challenge the Government's implicit characterization of those claims. *See generally* doc. 17. In fact, he seems to concede that the original Motion asserted only "a <u>Rehaif</u> issue." *Id.* at 1. The Government addresses what the Court has identified as Ground Three, the alleged *Alleyene* error, *see* doc. 15 at 8-9, Ground Four, counsel's alleged ineffectiveness, *id.* at 9-10, Ground Five, based on the *Shepard* documents, *id.* at 10, and Ground Six, the alleged *Borden* violation, *id.* at 10-13. Oliver's response is focused on disputing the viability of the *Borden* claim. *See* doc. 17 at 3-8. Since Oliver does not dispute the Government's categorization of his grounds, the Court will follow it below.

## A.  Grounds One and Two (*Rehaif* arguments)

The first two grounds Oliver asserts arise from the Supreme Court's determination, in *Rehaif*, that "in a prosecution under 18 U.S.C. § 922(g) . . ., the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. Oliver first asserts that his plea was not knowing and voluntary "because he was not informed that an element of the offense was that he knew he belonged to the class of persons barred from possessing a firearm as required by Fed. R. Crim. P. 11." Doc. 1-1 at 13.  He also alleges that the omission of an allegation that he knew of his status as a felon renders his indictment defective.  *Id.* at 17.  The Government's response points out that arguments indistinguishable from Oliver's have been considered, and rejected, by the Eleventh Circuit. *See* doc. 15 at 4-6.  Alternatively, the Government points out that Oliver's *Rehaif* based claims are procedurally defaulted because he failed to raise them on direct appeal. *See id.* at 7.   Oliver's Reply does not respond substantively to the Government's arguments.  *See generally* doc. 17.

First, Oliver's *Rehaif*-based claims are procedurally defaulted. A prisoner seeking collateral relief "must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). Generally, where a movant seeks collateral relief based on trial errors to which no contemporaneous objection was made, *id.* at 167-68, or direct appeal pursued, "it will be procedurally barred in a § 2255 challenge." *United States v. Montano*, 398 F.3d 1276, 1279-80 (11th Cir. 2005) (citing *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994)). "A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual development." *Mills*, 36 F.3d at 1055. In other words, a movant may not use his collateral attack as "a surrogate for a direct appeal." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). A procedural default may be overcome if the movant can "show cause excusing his failure to raise the issue previously and actual prejudice resulting from the alleged error." *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000) (citations omitted). The movant bears the burden of proof, including showing cause

and prejudice to excuse a procedural default.[8]  *See Hill v. United States*, 569 F. App'x 646, 647 (11th Cir. 2014) (citing *Sullivan v. Wainwright*, 695 F.2d 1306, 1310 (11th Cir. 1983)).

Oliver's Motion concedes that he did not assert either *Rehaif*-based claim on direct appeal.  *See* doc. 1-1 at 4, 5.  The only asserted reason for his failure is that his claims were based on a "new" opinion by the Supreme Court.  *Id.*  Charitably construed, Oliver's terse statement asserts that his failure to raise the *Rehaif* claims on direct appeal, and resulting procedural default, is excused by their novelty.  "The novelty of a claim may constitute cause for excusing the procedural default, but only when the claim is truly novel, meaning that its legal basis [was] not reasonably available," during a direct appeal.  *United States v. Bane*, 948 F.3d 1290, 1296-97 (11th Cir. 2020).  The Government, however, points

---

[8]  A movant's procedural default may also be excused if he can show "a miscarriage of justice or actual innocence."  *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011).  "Under the actual innocence exception—as interpreted by current Supreme Court doctrine—a movant's procedural default is excused if he can show that he is actually innocent either of the crime of conviction or, in the capital sentencing context, of the sentence itself."  *Id.* (citing *Dretke v. Haley*, 541 U.S. 386, 388 (2004)).  However, "[a] *Rehaif* error, without more, does not establish actual innocence."  *United States v. Sanders*, 2020 WL 1876335, at *2 (N.D. Fla. Apr. 15, 2020).  A *Rehaif*-based actual innocence claim would have to assert "that he had no knowledge that he had been convicted of a felony at the time he possessed the firearm."  *McGee v. United States*, 2022 WL 2705238, at *4 (N.D. Ala. July 12, 2022).  Oliver does not argue that he did not know he was a felon and, as discussed below, he could not.

out that *Rehaif* was decided while Oliver's direct appeal was pending, suggesting it was "available." *See* doc. 15 at 7.  Moreover, the Eleventh Circuit has held that "*Rehaif* was not 'truly novel' in the sense necessary to excuse a procedural default." *United States v. Innocent*, 977 F.3d 1077, 1084 (11th Cir. 2020) (citing *Bane*, 948 F.3d at 1296-97).  Even if Oliver could, somehow, show cause to excuse his procedural default, the fact that he clearly knew he was a felon precludes any possible showing of prejudice.  To show prejudice to excuse his procedural default, Oliver would have to show that the alleged "error worked to [his] actual and substantial disadvantage . . . ." *Granda v. United States*, 990 F.3d 1272, 1288 (11th Cir. 2021).  Oliver does not, and based on the transcript of his plea colloquy, could not, argue that he did not know he was a felon when he possessed the firearm.  *See, e.g.,* CR417-065, doc. 55 at 10.[9]  As the Eleventh Circuit has explained, albeit in a slightly different context, a defendant who "admitted at sentencing that he had been convicted of . . .

---

[9]      [Court]   Mr. Oliver, have you ever pled guilty or been convicted of a crime
         before?
         [Oliver]  Yes, sir.
         [Court]   Was that a felony offense?
         [Oliver]  Yes, sir.

felony offenses . . . cannot prove that he was prejudiced by [*Rehaif*] errors . . . ." *United States v. Johnson*, 805 F. App'x 740, 743 (11th Cir. 2020).

Accordingly, Oliver's *Rehaif*-based claims are procedurally defaulted, and he has failed to, and it appears positively impossible that he could, show any ground to excuse that default. Oliver's Motion should, therefore, be **DENIED** as to Grounds One and Two. Since the claims should be dismissed as procedurally defaulted, the Court declines to address (beyond recognizing the impossibility that Oliver was prejudiced by any *Rehaif* error, given the clear evidence that he knew he was a felon) the Government's alternative argument that the claims are meritless. *See, e.g., Orso v. United States*, 452 F. App'x 912, 915 (11th Cir. 2012) (declining to reach the merits of a procedurally defaulted claim).

## B. Ground Three (Ineffective Assistance—*Alleyene* argument)

In *Alleyne v. United States*, the Supreme Court held that "any fact that increases the mandatory minimum [sentence] is an 'element' that must be submitted to the jury." 570 U.S. at 103. Oliver argues that his appellate counsel was ineffective for failing to argue that the sentencing judge improperly engaged in fact-finding when he concluded that Oliver's prior conviction for terroristic threats was an ACCA predicate offense.

*See* doc. 2 at 2-3; *see also* doc. 15 at 8.  He asserts that the statute under which he was convicted "lists alternative ways of violating the statu[t]e," and the *Shepard* documents do not indicate which of those alternatives applied.  Doc. 2 at 2.  Thus, he apparently contends, the district court engaged in factfinding to conclude that his prior conviction for terroristic threats was an ACCA predicate.  *Id.* (citing *Alleyne*, 133 S. Ct. 2151).  Because *Alleyne* was controlling, his appellate counsel was ineffective for failing to raise the issue.  *Id.* at 3.  The Government's response, which is somewhat cursory, points out that the Eleventh Circuit has already concluded that "Oliver's terroristic-threats conviction under [O.C.G.A.] § 16-11-37(a) . . . qualifies as a violent felony under the ACCA's element clause."  Doc. 15 at 8 (quoting *Oliver*, 962 F.3d at 1321) (internal quotation marks omitted).  Given that holding, the Government concludes that "Oliver's attorney was not ineffective for failing to raise this meritless argument."  *Id.* at 9.  Oliver's reply, as above, omits any substantive discussion of this claim.  *See generally* doc. 17.

"To prevail on a claim of ineffective assistance of counsel, a prisoner must prove that his counsel rendered deficient performance and that he was prejudiced by the deficient performance."  *Castillo v. United States*,

816 F.3d 1300, 1303 (11th Cir. 2016) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).  "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690.  "For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence." *Putman v. Head*, 268 F.3d 1223, 1243 (11th Cir. 2001).  As this Court has put it bluntly, "[a] typical IAC claim succeeds only where counsel has, metaphorically speaking, shot at the side of a barn yet missed." *Lovett v. United States*, 2018 WL 4494201, at *4 n. 3 (S.D. Ga. Apr. 23, 2018) (citing *Sullivan v. Sec'y, Fla. Dept. of Corr.*, 837 F.3d 1195, 1205-06 (11th Cir. 2016)).  As to the prejudice prong, a defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694; *Matire v. Wainwright*, 811 F.2d 1430, 1435 (11th Cir. 1987) (same); *see also Butcher v. United States*, 368 F.3d 1290, 1293 (11th Cir. 2004) ("[A]ttorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial.  That

the errors had some *conceivable* effect on the outcome of the proceeding is insufficient to show prejudice." (internal cites and quotations omitted) (emphasis added)).

The Government's argument against Oliver's *Alleyne*-based claim is not entirely clear.  It points out, correctly, that the Court of Appeals considered, on direct appeal, whether Oliver's terroristic threats conviction qualified as an ACCA predicate and concluded that it did.  *See* doc. 15 at 8.  It then points out, again correctly,[10] but without citation, that the Court of Appeals "determined that the *Shepard* documents show that Oliver's terroristic-threat conviction . . . qualifies as an ACCA predicate."  *Id.* at 9.  It then concludes that "Oliver's attorney was not ineffective for failing to raise this meritless argument."  Doc. 15 at 9. While the Court agrees that the Government has pointed to a fatal defect

---

[10]  The Court of Appeals' determination of the sufficiency of the *Shepard* documents is clear, if implicit.  The Court of Appeals specifically concluded that Georgia's terroristic threats statute is divisible, "employ[ed] the modified categorical approach to determine which crime in the statute formed the basis of Oliver's conviction," and noted that "[t]o make this determination, we may only examine a limited class of documents—known as *Shepard* documents—including the indictment, jury instructions, or plea agreement and colloquy."  *Oliver*, 962 F.3d at 1320 (alterations, quotation marks, and citations omitted); *see also id.* (relying upon Oliver's state indictment, which charged a "threat[ ] to commit any crime of violence . . . with the purpose of terrorizing another.").  Since the Court of Appeals expressly limited its consideration to the *Shepard* documents and concluded that Oliver's conviction was an ACCA predicate, those documents must have been sufficient to support that conclusion.

in Oliver's claim, it is not entirely clear that it has properly characterized that defect.

The Government suggests that Oliver's allegation of the insufficiency of the *Shepard* documents is a "premise" of his *Alleyne* claim. Doc. 15 at 8. Oliver's somewhat disorganized presentation certainly invites that interpretation. *See* doc. 2 at 2-3. However, the assertion that a sentencing court relied on facts from outside the *Shepard* documents to conclude that a prior conviction was an ACCA predicate is not a facially "meritless" claim. The Eleventh Circuit has noted that "[a]s *long as a court limits itself to* Shepard-*approved sources*, the court may determine both the existence of prior convictions and the factual nature of those convictions . . . ." *United States v. Dudley*, 5 F.4th 1249, 1259-60 (11th Cir. 2021) (internal quotations omitted) (emphasis added). Although not definitive, that statement suggests that a court might err in not limiting itself to *Shepard* documents. The Government has not argued that a district court's relying on facts outside "*Shepard*-approved sources," could not constitute improper fact-finding. *See generally* doc. 15. It is also not entirely clear from the transcript of Oliver's sentencing hearing where the facts relied upon came from. *See* CR417-065, doc. 56

at 5-6. The Eleventh Circuit's subsequent determination that the *Shepard* documents were sufficient does not absolutely foreclose the possibility that there was improper factfinding.

Whether or not Oliver's allegation of improper factfinding is conceptually "meritless," the Court of Appeals' conclusion that the *Shepard* documents were sufficient to conclude his terroristic threats conviction was an ACCA predicate does preclude Oliver from showing that he suffered any prejudice from appellate counsel's alleged failure to challenge the improper factfinding. Within the context of his ineffective assistance claim, the distinction is, therefore, only relevant to whether Oliver has failed to show that his appellate counsel's performance was deficient or whether he suffered prejudice or both. If an argument is "meritless," an attorney's performance is not deficient for failure to raise it. *See e.g., Taylor v. United States*, 2017 WL 5202358, at *4 (11th Cir. Aug. 18, 2017) (citing *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001)) ("Because [movant's] argument . . . was meritless, counsel's objection would not have been meritorious, and, thus, counsel's performance did not constitute ineffective assistance under *Strickland*."); *see also, e.g., Kelley v. United States*, 2021 WL 4945175, at *6 (S.D. Ga.

Sept. 24, 2021) (counsel's failure to raise a meritless argument was not ineffective assistance).  As discussed above, the Court cannot conclude from the parties' presentation that the argument that there was improper factfinding was "meritless," so it remains possible that counsel's performance was deficient.  However, since the Court of Appeals found that the *Shepard* documents were sufficient to conclude that Oliver's terroristic threats conviction was an ACCA predicate, he cannot show that he suffered any prejudice from the counsel's performance, even supposing it was deficient.  Oliver's Motion should therefore be **DENIED** as to Ground Three.  *See, e.g., Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

## C. Ground Four (Ineffective Assistance—Rule 11)

Oliver asserts that during his plea colloquy, "the court failed to read [him] the elements of the crime charged."  Doc. 2 at 4.  He provides a list of elements he contends are essential to a § 922(g) charge and provides a summary of the District Judge's explanation of the charge.  *See id.* at 3-4.  As the Government points out, it is not entirely clear what elements

he contends were omitted.  *See* doc. 15 at 10.  He contends that the omission of the elements violated the requirements of Federal Rule of Criminal Procedure 11.  *Id.* at 4.  Based on that argument, he claims that his counsel was constitutionally ineffective for failing to object to the defect.[11]  *Id.*  The Government, quoting the transcript of the hearing, argues that the explanation was sufficient.  Doc. 15 at 9-10.  Oliver's Reply does not address the issue at all.  *See generally* doc. 17.

As discussed above, Oliver's assertion that his counsel provided ineffective assistance is analyzed under the familiar *Strickland* standard.  Since the Government's response does not respond to Oliver's claim under that rubric, but only asserts that the plea colloquy was sufficient, the Court infers its contention that counsel's failure to object was neither deficient nor prejudicial.  Given the ambiguity in both the claim and the response, the Court explains below why Oliver has failed to show either deficient performance or prejudice.

---

[11] It is not entirely clear whether Oliver contends that his trial counsel was ineffective for failing to object to the omission at the Rule 11 hearing, appellate counsel was ineffective for failing to raise the omission on appeal, or both.  *See* doc. 2 at 3 (asserting "counsel constitutionally ineffective for not arguing Rule 11 5th Amendment violation.").

The Eleventh Circuit has explained that "[a] guilty plea involves the waiver of a number of a defendant's constitutional rights, and must therefore be made knowingly and voluntarily to satisfy the requirements of due process." *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005). Procedurally, "[a] court accepting a guilty plea must comply with [Federal Rule of Criminal Procedure] 11 and specifically address three 'core principles,' ensuring that defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." *Id.* The court's presentation of the elements of a charge implicates the second principle. *See United States v. Presendieu*, 880 F.3d 1228, 1238 (11th Cir. 2018). "There is no rigid formula or 'mechanical rule' for determining whether the district court adequately informed the defendant of the nature of the charges. [Cit.] Importantly, Rule 11 does not specify that a district court must list the elements of an offense." *Id.* (citations omitted).

During Oliver's Rule 11 hearing, the District Judge read him the indictment's charge on the possession count. *See* CR417-065, doc. 55 at 14. He then explained what the Government would have to prove. *Id.* at

15.   Although both parties refer to those statements, and quote them

partially, the explanation stated, in full:

> [Court]  . . . Count 1 charges that on or about December 3rd, 2016, in Chatham County, within the Southern District of Georgia, that you, Mr. Oliver, who previously had been convicted of a felony offense, that is, one punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce a firearm, that is a Glock Model 6 – excuse me.  A Glock Model 43, 9 millimeter pistol loaded with seven rounds of ammunition, which firearm had prior to December 3rd, 2016, been transported in interstate commerce, in violation of Title 18 United States Code Section 922(g)(1) and 924(a)(2).  And that is what you're charged with in Count 1 of the Indictment and that is what you're pleading guilty to today.  Do you understand that?

> [Oliver]  Yes, sir.

> [Court]  If you should elect to – well, if you should elect to go to trial in this case, before you could be found guilty on Count 1 of the Indictment, the government would first have to prove that you knowingly possessed a firearm in and affecting commerce as charged in Count 1 of the Indictment.  The government would also have to prove that before you possessed the firearm, that you had been convicted of a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense.  The government would have to prove each of those elements beyond a reasonable doubt to the satisfaction of a fair and impartial jury before you could be convicted on Count 1 of the Indictment.  Do you understand that?

> [Oliver]  Yes, sir.

CR417-065, doc. 55 at 14-15.

Among the elements the Court, following the Government, presumes that Oliver contends the District Judge omitted is the knowledge-of-status element.  *See* doc. 2 at 3 (listing, as the fifth element, "Did I [sic] know I had the relevant status when I possessed the firearm."); *see also* doc. 15 at 10.  To the extent that Oliver argues his trial counsel was ineffective for failing to object to the omission, courts have expressly rejected such arguments as the law at the time of Oliver's Rule 11 hearing did not recognize the element and counsel are not ineffective for not anticipating legal developments.  *See, e.g., Dawkins v. United States*, 2020 WL 3576841, at *2 (N.D. Ala. July 1, 2020); *see also Gilbert v. United States*, 2020 WL 4210632, at *5 n. 1 (S.D. Ga. June 23, 2020) (noting that ineffective assistance claim "would be subject to summary dismissal because the *Rehaif* decision, and any mens rea objection raised by defense counsel would not have succeeded under the then existing law." (citation omitted)).  To the extent that he asserts appellate counsel's performance was deficient for failing to raise the issue on direct appeal, his claim is equally deficient.  As the government points out, *see* doc. 15 at 5, the Eleventh Circuit has held that the omission of the knowledge-of-status element, prior to *Rehaif*, is harmless where it is

clear that the defendant did, in fact, know he was a felon. *See, e.g., United States v. Dudley*, 5 F.4th 1249, 1267 (11th Cir. 2021) (rejecting argument on direct appeal that defendant's guilty "plea was not knowing and voluntary because . . . the plea colloquy omitted a critical element of the crime—his knowledge that, at the time he possessed the firearm, he previously was convicted of a crime punishable by a year or more in prison," because the omission did not affect his substantial rights); *Lewis v. United States*, 2022 WL 200351, at *1 (11th Cir. Jan. 24, 2022) (rejecting § 2255 motion "arguing that his guilty-plea colloquy was deficient because it didn't apprise him that the government must provide that he knew his status as a felon," because "no substantial and injurious effect occurred to Lewis because ample record evidence indicates that he knew he was a felon."). As discussed above, Oliver admitted that he was a felon at the Rule 11 hearing. CR417-065, doc. 55 at 10. Accordingly, Oliver has not asserted that his counsel's performance was deficient, either at trial or on appeal, based on his failure to object to the omission of the knowledge-of-status element in the plea colloquy.

Other than the omission of the yet-to-be-imposed element, it is unclear what element Oliver contends the District Judge omitted, if any.

His summary of the colloquy notwithstanding, the transcript of the hearing, quoted above, shows that the District Judge advised him of all of the essential elements of the § 922(g)(1) charge. As the Eleventh Circuit has explained, there are "three elements [of a violation of § 922(g)(1)]: (1) that the defendant was a convicted felon, (2) that the defendant was in knowing possession of a firearm, and (3) that the firearm was in or affecting interstate commerce." *United States v. Pellett*, 2022 WL 2784602, at *1 (11th Cir. July 15, 2022) (quoting *United States v. Deleveaux*, 205 F.3d 1292, 1296-97 (11th Cir. 2000)) (internal quotation marks omitted). The District Judge's explanation includes all of those elements. Thus, any objection that trial counsel raised that the colloquy omitted some element of the offense would have been meritless, as would any similar argument on appeal. Counsel could, therefore, not have been ineffective for failing to object or raise the argument on appeal.

Moreover, Oliver's allegation of prejudice is conclusory and wholly insufficient to support any ineffective assistance claim. He states only "Such Rule 11 violation is not harmless as it violates Oliver's substantial rights under the 5th Amendment Due Process Clause and 6th Amendment right to master his own defense." Doc. 2 at 4. "Conclusory

allegations of ineffective assistance are insufficient." *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992) (internal quotation marks and citation omitted). The Court is not convinced that Oliver's assertion is sufficient to claim "some conceivable effect on the outcome of the proceeding," much less "a reasonable probability that . . . the result of the proceeding would have been different." *Strickland*, 466 U.S. at 693-94.

Accordingly, since Oliver has failed to explain how his trial or appellate counsel's failure to challenge either the omission of the yet-to-be-recognized knowledge-of-status element or some other, indiscernible omission in the Rule 11 hearing was either deficient or prejudicial, his Motion should be **DENIED** as to Ground Four.

### D. Ground Five (*Shepard* documents)

Oliver contends that "Shepard documents do not establish Oliver had been convicted under O.C.G.A. § 16-11-37(a) crime of violence portion and therefore even assuming 16-11-37(a) is divisible, the district court erred in fact finding defendant had been convicted under a crime of violence." Doc. 2 at 5. The Government responds that Oliver's assertion relies on an amendment of the statute that post-dates his conviction, "the Eleventh Circuit has already held that Oliver's convictions indicated the

specific alternative way in which he violated the terroristic-threat statute, and that alternative qualifies as an ACCA predicate," and that "Oliver procedurally defaulted this claim by not raising it on direct appeal." Doc. 15 at 10. Again, Oliver's Reply omits any apparent discussion of this claim. *See generally* doc. 17.

Oliver's assertion of improper factfinding related to his predicate terroristic-threats conviction is clearly connected to his assertion, discussed above, that his appellate counsel was ineffective for failing to raise such an issue. The procedural default argument raised, but not fully articulated by the Government, is complicated because, on the one hand, Oliver's assertion that appellate counsel was ineffective for failing to raise the argument appears to concede that he did not raise it, but, on the other hand, his assertion of ineffective assistance is relevant to whether the default could be excused, *see, e.g., United States v. Nyhuis*, 211 F.3d at 1344 ("Ineffective assistance of counsel may satisfy the cause exception to a procedural bar."), and, as discussed above, the Court of Appeals' opinion effectively resolves the issues Oliver raises here. Since the claim fails on its merits, the Court need not resolve the procedural default. *See, e.g., Garrison v. United States*, 73 F.4th 1354, 1359 n. 9

(11th Cir. 2023) (citing *Dallas v. Warden*, 964 F.3d 1285, 1307) (11th Cir.
2020) ("[A] federal court may skip over the procedural default analysis if
a claim would fail on the merits in any event.")).

As discussed above, the Eleventh Circuit considered whether
Oliver's terroristic-threats conviction was an ACCA predicate on direct
appeal.  In the course of that analysis, it expressly noted that it was
limited to consideration of the *Shepard* documents.  *See Oliver*, 962 F.3d
at 1320.  It examined "the state indictment [which] indicates Oliver was
charged under the divisible portion of § 16-11-37(a) that criminalizes a
'threat[ ] to commit any crime of violence . . . with the purpose of
terrorizing another." *Id.*  It concluded that "the threat that predicated
Oliver's conviction—a threat 'to commit any crime of violence'—requires
the threatened use of violent force against another. *Id.* at 1321.  Thus,
his prior terroristic-threats conviction "qualifies as a violent felony under
the ACCA's elements clause." *Id.*

Given the Court of Appeals' prior determination, based on a review
that was limited to the *Shepard* documents, that Oliver's terroristic-
threats conviction was an ACCA predicate, his assertion that the
*Shepard* documents were, somehow, insufficient to establish that

31

conviction was an ACCA predicate, requiring unidentified improper factfinding, is obviously meritless. There either was no improper factfinding or, even assuming that there were, it was harmless. Oliver's Motion should, therefore, be **DENIED** as to Ground Five.

### E. Ground Six (*Borden* argument)

The final ground Oliver asserts arises out of the Supreme Court's opinion in *Borden v. United States*, 593 U.S. 420 (2021). Doc. 3 at 3. *Borden* held that "[o]ffenses with a *mens rea* of recklessness do not qualify as violent felonies under ACCA." 593 U.S. at 445. Oliver asserts that his terroristic-threats conviction does not qualify as an ACCA predicate after *Borden* because the statute criminalizes threats made recklessly. *See* doc. 3 at 3. The Government's response points out that *Borden* involved an indivisible statute and argues that "[t]he obvious answer [to his claim] is that the [terroristic-threats] statute is divisible, and the alternative that Oliver was convicted of violating qualifies," as an ACCA predicate. Doc. 15 at 12. Oliver points to the Eleventh Circuit's now-superseded opinion in his case in support of his contention that "the pattern jury instructions [for a terroristic-threats] charge allowed for a finding of guilt if a determination was made that it was an act done 'in reckless

disregard." Doc. 17 at 6-7 (discussing *United States v. Oliver*, 955 F.3d 887, 896 (11th Cir. 2020)).

The Court of Appeals recently revisited its analysis of Georgia's terroristic threats statute. *See United States v. Sharp*, 2023 WL 7485230 (11th Cir. Nov. 13, 2023). Citing *Oliver*, the court noted that the statute is divisible. *Id.* at *2; *see also id.* at *1 (referring to *Oliver*, 962 F.3d 1311 as "*Oliver III*"). It explained that "like [Oliver], [the defendant] pled guilty to an indictment charging him with 'threaten[ing] to commit a crime of violence . . . with the purpose of terrorizing' another person." *Id.* at 2. The defendant, like Oliver here, "argue[d] . . . that he nevertheless may have possessed a mens rea of recklessness.'" *Id.* The district court had noted that "the statute was divisible and that a person could be found guilty of making terroristic threats either 'with the purpose of terrorizing another,' which would qualify as a predicate offense, or with 'reckless disregard of the risk of causing such terror,' which would not." *Id.* (citations omitted). However, in *Sharpe*, "as in *Oliver III*, the record indicates that [the defendant] was convicted under the divisible portion of § 16-11-37(a) that criminalizes a threat[ ] to commit any crime of violence . . . with the purpose of terrorizing another,' not with 'reckless

disregard.'" *Id.* Thus, "the district court correctly found that [the defendant's] terroristic-threats conviction qualified as an ACCA predicate." *Id.*

Given that the Court of Appeals found that the identical language of Oliver's indictment was sufficient for a district court to conclude that a prior Georgia terroristic-threats conviction was an ACCA predicate, notwithstanding *Borden*, Oliver's claim fails. His Motion should, therefore, be **DENIED** as to Ground Six.

## CONCLUSION

Accordingly, Oliver's Motion to Amend should be **DENIED**. Doc. 13. Oliver's § 2255 Motion, as amended, should be **DENIED**. Docs. 1, 2 & 3. Civil action CV420-245 should be **DISMISSED** in its entirety. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court must issue or deny a certificate of

appealability when it enters a final order adverse to the applicant")
(emphasis added).

This report and recommendation (R&R) is submitted to the district
judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and
this Court's Local Rule 72.3. Within 14 days of service, any party may
file written objections to this R&R with the Court and serve a copy on all
parties. The document should be captioned "Objections to Magistrate
Judge's Report and Recommendations." Any request for additional time
to file objections should be filed with the Clerk for consideration by the
assigned district judge.

After the objections period has ended, the Clerk shall submit this
R&R together with any objections to the assigned district judge. The
district judge will review the magistrate judge's findings and
recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are
advised that failure to timely file objections will result in the waiver of
rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 6th day of February, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA